No. ........
First Circuit

EARL B. BARNES, Receiver, Etc., v. ARTHUR B. LA COUR.

(November 10, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)* .

1. Louisiana Digest—Appeal—Par. 625.
The finding of the trial court as to a question of fact, namely, alleged mis-representation in the sale of capital stock, being clearly correct, is affirmed.

2. Louisiana Digest — Corporations — Par. 285.
Where the receiver of a corporation was duly authorized to bring suit to collect the balance due on a subscription of capital stock of the corporation, he can collect the balance due.

Appeal from the parish of Pointe Coupee, Hon. Wm. Carruth Jones, Judge.

This is a suit brought by the receiver of a corporation for the balance due of a subscription of its capital stock. Defendant filed an exception no cause of action, which was overruled on the merits. There was judgment for plaintiff, and defendant appealed. Judgment affirmed.

Albin Provosty of New Roads, attorney for plaintiff, appellee.

M. T. Hewes of New Roads, attorney for defendant, appellant.

LECHE, J. Plaintiff, as receiver of the "Liberty Starters Corporation," sues for six hundred dollars, balance due by defendant on a stock subscription of one thousand dollars. On May 12, 1920, defendant subscribed for ten shares of stock in the Liberty Starters Corporation, of the par value of one hundred dollars each. He paid cash the sum of one hundred dollars, and subsequently made three cash payments, each in the sum of one hundred dollars, leaving the balance aforesaid still due on his subscription.

He first excepted to plaintiff's demand on the ground that the petition discloses no right or cause of action. That exception, according to his argument, is based on the absence of any allegation in the petion, 1, that the shares of stock were delivered to the purchaser; 2, that tender of said stock was made after the purchaser defaulted in his payments; 3, that the corporation is solvent, and, 4, that the

suit is instituted on behalf of an insolvent corporation to procure funds to pay its debts. There is no duty on the part of the corporation or of the receiver, either moral, logical or legal, to tender a certificate of stock to defendant before the same was fully paid for; on the contrary, the duty was on the part of defendant to tender the price of his subscription, and this, he admits, he failed to carry out. Whether the corporation be solvent or insolvent, defendant owes the price of the stock for which he subscribed, and there was no necessity of alleging the purpose to which defendant's indebtedness would be appropriated, for that is a matter that concerns the corporation or its receiver, its creditors and holders of paid-up stock. We believe the trial Judge properly overruled defendant's exception.

On the merits of plaintiff's demand, the defense may be summed up in the statement wherein he charges that he was induced to subscribe to stock in the plaintiff corporation by false and fraudulent representations, and alleging that plaintiff should not reap the benefit of its own fraud and ill-doings, he prays that he should be released from any obligation arising from said subscription and should be adjudged entitled to the return of the four hundred dollars already paid thereon. On the trial of the case, defendant failed to prove any representations or warranties, whether true or false, made to him by plaintiff corporation, either at the time that he signed his subscription for stock on May 12, 1920, or at any time previous thereto. So that the charge in his answer that he was induced to subscribe for stock by false and fraudulent representations on the part of the corporation entirely lacks any substantiation. Defendant did, however, produce and file in evidence a letter from the corporation of date May 27, 1920, and another letter of date October 1, 1920, received November 20, 1920. The first was in answer to an inquiry made by defendant and the second was in the form of a circular giving information as to changes in the management of the corporation. Defendant also produced in evidence printed advertising matter, in the shape of a prospectus said to have been issued by the plaintiff corporation, and also a printed circular describing the Liberty Starters, a mechanism for the starting of automobile and aeroplane engines, for the manufacture and sale of which the corporation had been organized.

We fail to find in these letters any representations shown by defendant to be false. The printed prospectus exposes the possibilities of an invention such as the promoters propose to manufacture and place on the market, and comparing the results of investments in similar inventions already on the market, it depicts the handsome returns which the corporation might expect from the manufacture and sale of Liberty Starter. We fail, however, to find in any of the advertising literature in evidence any statement that the corporation had closed contracts with foreign governments or with Henry Ford for the use of its Liberty Starter, as stated by defendant in brief.

We find no evidence to justify the charges which defendant makes against the managers of the plaintiff corporation. He was unfortunate in his investment, as many others have been before, and as others still will continue to be as long as human judgment is liable to err.

The receiver of the Liberty Starters Corporation was duly authorized to bring the present action and he only acted as was his right and duty in order to marshal the assets of the corporation.

Judgment affirmed.